IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS AVILA ROBLES,<br><br>        Petitioner,<br><br>   vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | No. CV-F-09-2105 OWW<br>(No. CR-F-08-314 OWW)<br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENT |

On December 2, 2009, Petitioner Jose Luis Avila Robles, proceeding *in pro per*, timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner was charged with being a deported alien found in the United States, a felony, in violation of 8 U.S.C. § 1326. Petitioner pleaded guilty pursuant to a written Plea Agreement. The Plea Agreement provided:

> The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal any sentence imposed.

1

> Acknowledging this, the defendant knowingly and voluntarily agrees to waive all Constitutional and statutory rights to appeal his conviction and sentence, including, but not limited to an express waiver of appeal of this plea (including any venue and statute of limitations issues) and to attack collaterally him mental competence, and his plea, or his sentence, including but not limited to, filing a motion under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or 18 U.S.C. § 3742, or otherwise.

The Plea Agreement set forth the factual basis for the plea:

> The defendant concedes that he will plead, and is pleading, guilty to the crime set forth in the indictment, because he is, in fact, guilty of that offense. Defendant further agrees that the following are the true and correct facts of this case:
>
> (1) Defendant is a native and citizen of Mexico, and is not a citizen of the United States of America;
>
> (2) On or about March 4, 2005, the defendant was removed from the United States;
>
> (3) The defendant was found in the Eastern District of California on or about February 20, 2008;
>
> (4) The defendant's re-entry into the United States was without the permission of the United States Attorney General or the Secretary of the Department of Homeland Security; and
>
> (5) On or about October 27, 2004, the defendant was convicted of corporal injury to spouse, cohabitant, child's parent with prior in violation of California Penal Code § 273.5(e), in the Superior Court of California, County of Fresno, and he was sentenced to 2 years imprisonment (Case No. F04905802-5).

Petitioner stated under oath during the change of plea proceedings that he had read and understood the Plea Agreement,

had discussed it with defense counsel, that he understood and agreed to the waiver of his right to file a Section 2255 motion, and that the factual basis for the change of plea was true and that the United States could prove these facts beyond a reasonable doubt.

Petitioner asserts that he was denied the effective assistance of counsel at sentencing.  He contends that counsel failed to object to the 16 level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) because Petitioner's conviction of corporal injury to spouse with priors was incurred after his removal from the United States; counsel failed to object to the 16 level enhancement on the ground that his conviction was not a crime of violence; and counsel failed to object to the 1 criminal history point for his conviction of being an unlicensed driver because Petitioner only received probation.

Petitioner's Section 2255 motion is DENIED.  A defendant may waive the statutory right to bring a Section 2255 motion challenging his conviction or sentence.  The Ninth Circuit holds that a waiver of the right to file a Section 2255 motion made pursuant to a negotiated plea agreement is enforceable except with respect to a claim that the waiver or the plea was involuntary or the result of ineffective assistance of counsel. *Washington v. Lambert*, 422 F.3d 864, 870-871 (9th Cir.2005), *cert. denied*, 547 U.S. 1074 (2006).

Petitioner makes no claim or showing that the waiver of the right to bring a Section 2255 motion set forth in his Plea

3

**Agreement was involuntary or the result of ineffective assistance of counsel.  Petitioner's waiver is enforceable; Petitioner cannot seek relief pursuant to Section 2255.**

    **For the reasons stated:**

    **1.   Petitioner Jose Luis Avila Robles' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED;**

    **2.   The Clerk of the Court is directed to enter JUDGMENT FOR RESPONDENT.**

IT IS SO ORDERED.

**Dated:   February 22, 2010**              /s/ Oliver W. Wanger
                                                           UNITED STATES DISTRICT JUDGE